UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

| | |
|---|---|
| ADELINE PATTISON, DOMINIQUE DURSO, JEAN CHARTER, LIANE TUOMALA, MICHELLE GRENON, TERESA HALE, ZESHAAN AHMED, and MYSCHELLE TAYLOR, *individually and on behalf of all others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> TELADOC HEALTH, INC., <br><br> Defendant. | Case No. 7:23-cv-11305-NSR <br><br> Judge Nelson R. Roman <br><br> Magistrate Judge Judith C. McCarthy <br><br> **STIPULATION AND PROTECTIVE ORDER** |

WHEREAS, the parties to this above-captioned action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that they may need to disclose in connection with discovery in this case;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, the Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Stipulation and Protective Order ("Protective Order")—including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1.     Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.     The person producing any given Discovery Material or that person's counsel may designate such material as Confidential, in whole or in part, only if counsel determines reasonably and in good faith that such designation is necessary to protect the interests of a Party or Non-Party

1

in information that is proprietary, a trade secret, or otherwise sensitive and non-public health, financial or business information; that is of a personal or intimate nature regarding any individual; that is subject to a contractual or other duty of confidentiality owed by the client to a third party; or would create a substantial risk of serious harm that could not be avoided by less restrictive means. The person producing Confidential Discovery Material must designate for protection only those parts of material, documents, items, or oral or written communications that qualify as Confidential—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited.

3.  With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

4.  With respect to deposition transcripts and exhibits, a producing person or that person's counsel may designate such portion as Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential.

5.  If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that it previously had produced without limitation should be designated as Confidential, such producing person may so designate such material by so apprising all prior recipients in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be and treated as Confidential under the terms of this Protective Order. A failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Protective Order for such material.

6.  If at any time prior to the trial of this action, it comes to a producing party's attention that information or items that it designated for protection do not qualify for protection, that party must promptly notify all other parties that it is withdrawing the mistaken designation.

7.  No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a)  the Parties to this action, their insurers, and counsel to their insurers;

(b)     counsel for the Parties, including in-house counsel, and any paralegal, clerical, or other assistant employed by such counsel and assigned to this matter;

(c)     outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(d)     any mediator or arbitrator engaged by the Parties or appointed by the Court in this matter, provided such person has first executed the Acknowledgment and Consent to be Bound in the form annexed as an Exhibit hereto;

(e)     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f)     any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed the Acknowledgment and Consent to be Bound in the form annexed as an Exhibit hereto;

(g)     any person retained by a Party as a consultant or expert to assist in the prosecution or defense of this action, to the extent deemed necessary by counsel, provided such person has first executed the Acknowledgment and Consent to be Bound in the form annexed as an Exhibit hereto;

(h)     stenographers engaged to transcribe depositions conducted in this action; and

(i)     this Court, including any appellate court, and the court reporters and support personnel for the same.

8.     Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice identifying the documents or materials in dispute and the nature of the dispute. If the Designating Party does not withdraw the designation, the Parties shall make reasonable efforts to resolve the dispute over the designation. If the Parties cannot reach agreement promptly, counsel for the Parties will address their dispute to this Court. The Party seeking to maintain the designation of Confidential shall have the burden of justifying why the designation is proper.

9.     It shall be appropriate to designate competitively sensitive Confidential Discovery Material as CONFIDENTIAL-ATTORNEYS' EYES ONLY, which designation shall mean that such information shall only be disclosed to Outside Counsel of Record and House Counsel.

3

10.     Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action, and specifically (and by way of example and not limitation) may not use Confidential Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to his, her, or its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to discovery in this action.

11.     Nothing herein shall prevent any of the Parties from using Confidential Discovery Material in connection with any hearing, trial, deposition of a Party or non-party witness, or any other proceeding in this matter or from seeking further protection with respect to the use of any such Confidential Discovery Material in connection with such hearing, deposition of a party or third-party witness, or other proceeding in this matter.

12.     If a person receiving Confidential Discovery Material learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the producing person of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Discovery Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute Exhibit A hereto.

13.     Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving such a request will (unless prohibited by law from doing so) provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. This notice is intended to enable the producing person to seek to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

14.     All persons seeking to file redacted documents or documents under seal with the Court in connection with non-dispositive matters, or in cases where the Parties have consented to the jurisdiction of a Magistrate Judge for all purposes, shall follow the Magistrate Judge's Individual Rules as well as the applicable provisions of the Federal Rules of Civil Procedure and rules and standing orders of the U.S. District Court for the Southern District of New York. With respect to dispositive matters, the Individual Rules of the presiding District Judge shall be followed instead of Magistrate Judge McCarthy's Individual Practices. The Parties shall use their best efforts to minimize such sealing.

15.     All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential.

4

16.     Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing ("ECF") system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

17.     Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18.     Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he or it immediately shall notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

19.     Any Protected Health Information ("PHI"), as defined by the Health Insurance Portability and Accountability Act of 1996, as amended by the Health Information Technology for Economic and Clinical Health (collectively "HIPAA"), shall be used and disclosed according to the requirements of HIPAA and its implementing regulations, including 45 C.F.R. § 160.103 (hereinafter, the "HIPAA Privacy Rule"). A HIPAA Covered Entity may only disclose information specially designated as PHI in the course of a judicial proceeding if certain "satisfactory assurances" are received and required persons execute appropriate Business Associate Agreements. *See* 45 C.F.R. § 164.512(e)(1)(iv). This Protective Order stands as the requisite satisfactory assurances under HIPAA, and thus pursuant to the HIPAA Privacy Rule, this Protective Order allows for the use and disclosure of PHI in the possession of parties and non-parties to this matter for the limited purpose of this Litigation. However, this Protective Order specifically prohibits parties and non-parties from using and/or disclosing PHI for any purpose other than the Litigation. *See* 45 C.F.R. § 164.512(e)(1)(v)(A). The PHI disclosed pursuant to this Order, including all copies made, shall be returned to the party or non-party who produced it, or shall be destroyed at the conclusion of this Litigation, pursuant to the HIPAA Privacy Rule. 45 C.F.R. § 164.512(e)(1)(v)(B). All parties and non-parties shall treat all PHI and all copies thereof as subject to this Protective Order unless and until the Court orders otherwise or the parties mutually stipulate otherwise. This Protective Order recognizes that it is not possible to identify and contact all individuals whose names or other PHI may be contained in such records and that redaction of all such information would cause unreasonable delays and/or be prohibitively difficult. As such, this Protective Order expressly authorizes the use and disclosure of PHI of non-party individuals to the extent such information is privileged or confidential under state law as well, including but not limited to such information regarding mental health, alcohol/drug abuse, or HIV/AIDS, so long as maintained in compliance with the above stated HIPAA regulations.

20.     A party withholding or redacting any responsive information on the grounds of privilege, work product protection, or any similar claim shall provide to the Receiving Party a

"privilege log." Documents may be identified individually on a metadata privilege log. The Parties agree that it is unnecessary to include on a privilege log communications between a party and their counsel concerning this Litigation that were created after the Litigation was filed on July 10, 2023. The Producing Party shall produce any required privilege log for a custodian's Documents within 30 days from the date of the production in which the withheld document would have been included.

21.     This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

22.     All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

23.     Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. The Court retains the right to allow, *sua sponte* or upon motion, disclosure of any subject covered by this Order or to modify this Order at any time in the interest of justice.

24.     If a non-party provides discovery in connection with this action, and if the non-party so elects, then the provisions of this Order shall apply to such discovery as if such discovery were being provided by a Party. Under such circumstances, the non-party shall have the same rights and obligations under this Order. A copy of this Order shall be provided along with any subpoena served upon any non-party in the action.

25.     No Party shall be obligated to challenge the appropriateness of any confidentiality designation by another Party, and the failure to do so shall not constitute a waiver or otherwise preclude a challenge to the designation in another or subsequent matter or action. The fact that information is marked with a confidentiality designation under this Order shall not be deemed relevant to the determination of what is in fact trade secret, confidential, or proprietary under the law. The fact that any information is disclosed, used, or produced in any court proceeding with a confidentiality designation shall not be offered in any action or proceeding before any court, agency, or tribunal as evidence of or concerning whether or not such information is admissible, confidential, or proprietary.

SO STIPULATED AND AGREED:

*/s/ David S. Almeida*
David S. Almeida
Britany Kabakov (*admitted pro hac vice*)
**ALMEIDA LAW GROUP LLC**
849 W. Webster Avenue
Chicago, Illinois 60614
(708) 529-5418
*david@almeidalawgroup.com*
*britany@almeidalawgroup.com*

Nickolas J. Hagman
**CAFFERTY CLOBES**
**MERIWETHER & SPRENGEL LLP**
135 S. LaSalle St., Ste. 3210
Chicago, IL 60603
T: 312-782-4880
*nhagman@caffertyclobes.com*

*Co-Lead Class Counsel for the Plaintiffs and the Putative Class*

/s/ Livia S. Kiser
Livia M. Kiser *(admitted pro hac vice)*
**KING & SPALDING LLP**
110 North Wacker Drive, Suite 3800
Chicago, IL 60606
Tel: (312) 764-6911
Fax: (312) 995-6330
lkiser@kslaw.com

Damien Marshall
**KING & SPALDING LLP**
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Tel.: (212) 556-2295
Fax: (212) 556-2222
dmarshall@kslaw.com

Jesse Snyder *(admitted pro hac vice)*
**KING & SPALDING LLP**
1700 Pennsylvania Avenue NW, Suite 200
Washington, DC 20006
Tel: (202) 383-8925
Fax: (202) 626-3737
jsnyder@kslaw.com

Craig H. Bessenger *(admitted pro hac vice)*
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Tel: (213) 443 4355
Fax: (213) 443 4310
cbessenger@kslaw.com

*Counsel for Defendant Teladoc, Inc.*


SO ORDERED:

DATED: _____1-7-2026_____          _____
                                  HON. JUDITH C. McCARTHY
                                  United States Magistrate Judge


7

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK
### WHITE PLAINS DIVISION

| | |
|---|---|
| ADELINE PATTISON, DOMINIQUE DURSO, JEAN CHARTER, LIANE TUOMALA, MICHELLE GRENON, TERESA HALE, ZESHAAN AHMED, and MYSCHELLE TAYLOR, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>TELADOC HEALTH, INC.,<br><br>Defendant. | Case No. 7:23-cv-11305-NSR<br><br>Judge Nelson R. Roman<br><br>Magistrate Judge Judith C. McCarthy |

## EXHIBIT A TO STIPULATED PROTECTIVE ORDER
## ACKNOWLEDGMENT AND CONSENT
## TO BE BOUND BY STIPULATED PROTECTIVE ORDER

I hereby declare under the penalty of perjury that: (i) I have read in its entirety the Stipulated Protective Order entered by the Court in the above-captioned action, and I understand its terms; (ii) I agree to comply with and to be bound by all the terms of this Stipulated Protective Order; (iii) I agree to be bound by all provisions of the Stipulated Protective Order, including its provisions restricting disclosure of and use of material designated thereunder; and (iv) I hereby submit to the jurisdiction of the U.S. District Court for the Southern District of New York for purposes of enforcing the Stipulated Protective Order.

Dated:_____

Signature:

_____

Printed Name:

_____

8